**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

VALERIE FLORES,

Plaintiff,

v. 1:25-cv-01838 (AMN/ML)

KENNETH LESTER SMITH, SAMANTHA SUSSEK SMITH, MELISSA JOHNSON SMITH, and ANNA VI WELCH,

Defendant.

---

**APPEARANCES:** **OF COUNSEL:**

**VALERIE FLORES**
P.O. Box 1110 ACP 5749
Albany, NY 12201
Plaintiff *pro se*

**Hon. Anne M. Nardacci, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On December 26, 2025, plaintiff *pro se* Valerie Flores ("Plaintiff") commenced this action against Kenneth Lester Smith, Samantha Sussek Smith, Melissa Johnson Smith, and Anna Vi Welch (together, "Defendants"), alleging violations of her rights. Dkt. No. 1 ("Complaint"). Plaintiff also filed a motion for the appointment of counsel. Dkt. No. 3.

On January 5, 2026, United States Magistrate Judge Miroslav Lovric denied Plaintiff's motion for appointed counsel as inappropriate. Dkt. No. 5. On January 7, 2026, this Court ordered an administrative closure because Plaintiff had not paid the filing fee or applied to proceed *in forma pauperis* ("IFP"). Dkt. No. 6. Plaintiff filed a motion to proceed IFP on January 16, 2026, Dkt. No. 8, and the Court ordered the case reopened that same day, Dkt. No. 9.

On February 23, 2026, Magistrate Judge Lovric denied Plaintiff's IFP motion as incomplete. Dkt. No. 10. After Plaintiff filed an amended motion to proceed IFP on March 9, 2023. Dkt. No. 11, Magistrate Judge Lovric again denied Plaintiff's request because Plaintiff's application information required clarification as to her reported income, Dkt. No. 13.

Plaintiff filed a second amended motion to proceed IFP on April 3, 2026. Dkt. No. 14. On July 8, 2026, Magistrate Judge Lovric granted this request and reviewed the Complaint pursuant to 28 U.S.C. § 1915. Dkt. No. 15 ("Report-Recommendation"). Magistrate Judge Lovric recommended that this Court dismiss the Complaint in its entirety, in part without leave to amend and in part with leave to amend. *Id.* at 10.[1] Pursuant to 28 U.S.C. § 636(b)(1), Magistrate Judge Lovric advised that the parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within those fourteen days would preclude appellate review. *Id.* On July 20, 2026, Plaintiff submitted written objections. Dkt. No. 16.

For the following reasons, the Court adopts the Report-Recommendation except as to the partial grant of leave to amend.

## II. STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition). Similarly, if an objection simply rehashes arguments originally presented to the magistrate judge,

[1] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

this Court reviews the relevant portions of the report-recommendation for clear error. *See id.* at 228-29 & n.6 (collecting cases). Similarly, when a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments [previously] presented to the magistrate judge," the district court reviews a magistrate judge's report-recommendations for clear error. *O'Diah v. Mawhir*, No. 08-cv-322, 2011 WL 933846, at *1 (N.D.N.Y. Mar. 16, 2011) (citations omitted); *accord Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) (a "statement, devoid of any reference to specific findings or recommendations to which [the plaintiff] objected and why, and unsupported by legal authority, was not sufficient to preserve" a claim); *Petersen*, 2 F. Supp. 3d at 228-29 & n.6 (collecting cases). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 21-cv-1138, 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 17-cv-367, 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id*. (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). That said, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal[.]" *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920, at *2, (S.D.N.Y. Aug. 25, 2011) (citation omitted); *accord Caldwell v. Petros*, No. 22-cv-567, 2022 WL 16918287, at *1 (N.D.N.Y. Nov. 14, 2022). After appropriate review, "the

court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III. DISCUSSION

After review, the Court finds that Plaintiff's objections identify no error in Magistrate Judge Lovric's findings or recommendations. *See generally* Dkt. No. 16.[2] Accordingly, because Plaintiff has not raised any properly preserved objection to the Report-Recommendation, the Court reviews the Report-Recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 228-29; *Caldwell*, 2022 WL 16918287, at *1.

Magistrate Judge Lovric first recommended that this Court dismiss the Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Dkt. No. 15 at 5-6. Even after construing the Complaint liberally in deference to Plaintiff's *pro se* status, Magistrate Judge Lovric found that "Plaintiff's claims are precisely the type of fanciful or delusional allegations that warrant dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) as factually frivolous." *Id.* at 6 (citing *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002) and *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990)).

In the alternative, Magistrate Judge Lovric also recommended that the Court dismiss the Complaint for failure to state a claim upon which relief may be granted. *Id.* Magistrate Judge Lovric explained that while Plaintiff indicated that her claim was brought in part pursuant to 18 U.S.C. § 2261(a), that "is a criminal statute and does not 'confer a private right of action on Plaintiff.'" *Id.* (quoting *Flores v. KW Call Center Services*, 26-cv-0122, 2026 WL 1481648, at *3

---

[2] In her submission, Plaintiff simply states that she objects to Judge Lovric's "most recent order." *Id.* at 1. Plaintiff then proceeds to introduce new factual allegations that appear only tangentially related to her Complaint, as well as a recitation of what appears to be law related to federal appellate jurisdiction. *See id.* at 2-3.

(N.D.N.Y. May 27, 2026). And, to the extent that Plaintiff asserts a claim pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"), Magistrate Judge Lovric found that the Complaint "fails to allege facts plausibly suggesting that (1) Plaintiff is a person who was the object of efforts to collect a consumer debt, (2) Defendants are debt collectors, or (3) that Defendants engaged in an act or omission in violation of the FDCPA." *Id.* at 7 (citing *Komatsu v. Urban Pathways, Inc.*, 22-CV-9080, 2023 WL 419699, at *9 (S.D.N.Y. Jan. 26, 2023)). As a result, Magistrate Judge Lovric also recommended that, to the extent that Plaintiff had any remaining state law claims, this Court decline to exercise supplemental jurisdiction over such claims. *Id.* at 7-8.

Finally, Magistrate Judge Lovric recommended that this Court not grant leave to amend as to Plaintiff's claims pursuant to 18 U.S.C. § 2261. *Id.* at 9. But regarding Plaintiff's claims pursuant to the FDCPA, Magistrate Judge Lovric found that "it is not clear whether a better pleading would permit Plaintiff to assert a cognizable claim pursuant to the FDCPA" and thus recommended leave to amend out of deference to Plaintiff's *pro se* status. *Id.*

After review, the Court finds no error in the Report-Recommendation, except as to the finding that a better pleading might state a claim as to the FDCPA. The Court finds no indication in the Complaint that Plaintiff's allegations against Defendants involve any debt, debt collectors, or debt collection practices. *See generally* Dkt. No. 1. Together with the finding that Plaintiff's Complaint is frivolous and nonsensical, that weighs heavily in favor of concluding that any opportunity to amend would be futile. The Court therefore dismisses the Complaint in its entirety without leave to amend.

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 15, is **ADOPTED** except as to its recommendation that Plaintiff be granted leave to amend her claims pursuant to 15 U.S.C. § 1692; and the Court further

**ORDERS** that Plaintiff's Complaint, Dkt. No. 1, be **DISMISSED without prejudice and without leave to amend**; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 3, 2026
Albany, New York

Anne M. Nardacci
Anne M. Nardacci
U.S. District Judge